DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 ___________________________ BAIRD, Presiding Judge.
Defendant Alfredo Serrano timely appeals the decision of the Lorain County Court of Common Pleas, which adjudicated him a sexual predator. He appeals on the basis that he was denied his right to trial by jury. We affirm the judgment of the trial court.
On May 15, 1995, appellant was indicted for three counts of rape, in violation of R.C. 2907.02(A) (1) (b). Three acts of forcible rape were alleged to have occurred at various times between May 1, 1992 and December 18, 1994 against the same female victim, appellant's cousin. The victim was ten years old at the time of the first offense. The victim told investigators that on the first two occasions she struggled, but appellant held her down and covered her mouth so she could not call out for help.
Appellant was arrested on January 24, 1997. Originally, appellant pled not guilty, but prior to the scheduled jury trial on June 27, 1997, appellant withdrew the former plea and entered a plea of guilty to three counts of attempted rape, in violation of R.C. 2923.02/ 2907.02(A) (1) (b). That plea was accepted.
Appellant was sentenced on September 12, 1997 to six to fifteen years in the Lorain Correctional Institution on each charge, with each sentence to run concurrently. The trial court held a sexual predator hearing just prior to sentencing, pursuant to R.C.2950.09. Appellant objected to the sexual predator hearing on the basis that the statute was unconstitutional. The trial court overruled this objection and found the appellant to be a sexual predator, as defined by the statute. Appellant filed the instant appeal as to the sexual predator determination. He makes this single assignment of error:
 THE TRIAL COURT'S ADJUDICATION OF A CRIMINAL DEFENDANT AS A SEXUAL PREDATOR WITHOUT PROVIDING THE DEFENDANT THE OPPORTUNITY TO HAVE SAID ADJUDICATION DECIDED BY A JURY VIOLATES A DEFENDANT'S RIGHT TO A TRIAL BY JURY AS GUARANTEED BY THE FIFTH[1] AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION.
R.C. 2950 became effective on January 1, 1997. The statute was designed to require sexually oriented offenders to register with local law enforcement officials and other agencies after being released from incarceration. The law was passed in response to a growing awareness of the heightened recidivism rate for sexual offenders, as compared to other felons. The Supreme Court of Ohio determined that the reporting requirements are remedial, not punitive, as they serve to inform the public about sexually oriented offenders in their community, so the public can take steps to protect themselves against possible future offenses.State v. Cook (1998), 83 Ohio St.3d 404, 413. Under the provisions of R.C. 2950, a person can be classified as a sexually oriented offender, a habitual sexual offender or a sexual predator. Each classification imposes a post-incarceration duty to report, which for the sexual predator lasts his entire lifetime.
R.C. 2950.09(B) (1) governs appellant's case. The statute provides that for any sex offender who pleads guilty or is convicted of a sexually oriented offense on or after January 1, 1997, the trial judge, prior to sentencing, must hold a hearing to determine if the defendant is a sexual predator. R.C.2950.09(B) (2) provides a mandatory list of factors for the judge to consider when making this adjudication. Appellant proposes that he is constitutionally entitled to have a jury trial to determine whether he is a sexual predator.
This Court has held that the reporting requirements which flow from such an adjudication are not punishment. State v.Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, at 13. Rather, such requirements are "collateral consequences" of the original offense. State v. Perine
(Apr. 14, 1999), Lorain App. No. 97CA006799, unreported, at 3, quoting State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported. This analysis is in line with that of the Ohio Supreme Court in State v. Cook, supra.
Because the sexual predator hearing focuses on the defendant's status, rather than the imposition of punishment, the right of the defendant to a trial by jury does not attach. Therefore, appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR
[1] The guarantee of the right to trial by jury is actually found in the Sixth Amendment, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *."